```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

RICHARD LEVONTÉ PALMER,          :
   Plaintiff,
                                         :
V.
                                         :   CASE NO. 3:09-CV-1508(RNC)
TOWN OF DARIEN and
DARIEN BOARD OF EDUCATION,       :
   Defendants.
                                         :

<u>RULING AND ORDER</u>

    Plaintiff Richard Palmer brings this action against his former employers, the Town of Darien and the Darien Board of Education, claiming employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq.* ("Title VII"), and Connecticut's Fair Employment Practices Act, CONN. GEN. STAT. § 46a-51, *et seq.* ("CFEPA"). Plaintiff alleges that the defendants terminated him from his position as a head coach and removed him as a substitute teacher on the basis of his race and gender and in retaliation for his complaints of race and gender discrimination. The defendants have moved to dismiss the gender discrimination claim for failure to state a claim on which relief can be granted. The complaint adequately pleads facts sufficient to support a plausible claim for gender discrimination. Accordingly, the motion to dismiss is denied.

I.   <u>Facts</u>

    The complaint alleges the following. The plaintiff, who is African American, was hired by the defendants in November 2006 to

serve as head coach of the girls basketball team at Darien High. John Keleher, the Athletic Director, gave plaintiff a "glowing" review at the end of his first year on the job. The following year, the situation changed.

Plaintiff alleges that Megan Sapeta, the JV girls basketball coach, started to make discriminatory comments about him. Sapeta told another coach, Coach Dunmore, that plaintiff spoke to a certain male coach only because "[the male coach] has a penis." When Dunmore, a black female, responded that plaintiff also spoke with her, Sapeta said "that was different." Plaintiff complained to Keleher about Sapeta's comments but Keleher did nothing.

Plaintiff also learned that Sapeta was encouraging girls on his team to complain about him. He asked Keleher "what [Ms.] Sapeta's problem was." Keleher responded that Sapeta "had a problem reporting to a black man." Keleher did not act to correct this problem. Sapeta's behavior disrupted the girls basketball team and interfered with plaintiff's attempt to coach the team.

For a brief time, Sapeta was suspended from coaching at plaintiff's request. He requested the suspension because she chastised other coaches without justification and disrupted the team. Sapeta was reinstated after seven days. Plaintiff was not consulted about the reinstatement.

At the time Sapeta was reinstated, plaintiff's complaints

2

about discrimination on the basis of gender and race still had not been addressed. Plaintiff was informed that Sapeta's reinstatement occurred because parents were "more comfortable" with her, a white female, serving as the coach.

Three days after Sapeta's reinstatement, Keleher informed plaintiff that his employment had been terminated. No reason was given for the termination. Plaintiff was unable to regain employment at the school as a substitute teacher or as a coach.

II. Discussion

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "only enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570. A complaint is plausible when sufficient facts are pleaded for a court to draw a "reasonable inference" that the defendant is liable. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949. The complaint must contain more than legal conclusions; it must include factual allegations that make the claim plausible. Id.

In the employment discrimination context, a "complaint need not contain specific facts establishing a prima facie case of discrimination." Id. at 569 (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515 (2002)). No "specific evidence or extra facts" need to be pleaded "beyond what is needed to make the claim plausible." Arista Records, LLC v. Doe 3, 604 F.3d 110,

3

120-21 (2d Cir. 2010). Here, the plaintiff's allegations are sufficient to push his claim "across the line from conceivable to plausible." See Twombly 550 U.S. at 570.

Accepting the plaintiff's allegations as true, he heard about Sapeta's gender-related comments and complained about them to his supervisor. Nothing was done. He was told by his supervisor that Sapeta had a problem with him in part because of his gender. Again nothing was done. Sapeta kept her job because parents were "more comfortable" with her. The plaintiff, who had complained about Sapeta's discriminatory comments and behavior, was fired. No reason was given for the firing. Viewed collectively, and most favorably to the plaintiff, these allegations support a "reasonable inference" that the defendants are liable for gender discrimination. See Iqbal, 129 S.Ct. at 1949.

III. Conclusion

For the foregoing reasons, the motion to dismiss [doc. # 15] is denied.

So ordered this 30th day of September 2010.

                                               /s/ Robert N. Chatigny
                                                 Robert N. Chatigny
                                        United States District Judge